UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

<u>Johnny Haygood</u>

    v.                                  Civil No. 15-cv-302-SM

<u>Warden, Federal Correctional</u>
<u>Institution, Berlin, New Hampshire</u>

**REPORT AND RECOMMENDATION**

    Johnny Haygood, an inmate at the Federal Correctional Institution, Berlin, New Hampshire, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, challenging the validity of his conviction and resulting sentence in the District of Connecticut.  <u>See</u> <u>United States v. Haygood</u>, No. 3:04-cr-059(JCH) (D. Conn.).  The petition is before this court for preliminary review, to determine whether the § 2241 petition is facially valid and may proceed.  <u>See</u> Rule 4 of the Rules Governing Section 2254 Cases ("§ 2254 Rules"); § 2254 Rule 1(b) (authorizing court to apply § 2254 Rules to § 2241 petitions); LR 4.3(d)(4)(A).

**Standard**

    In undertaking § 2254 Rule 4 preliminary review, this court decides whether the petition contains sufficient factual

1

allegations, accepted as true, to state a claim to relief that appears legally sufficient. See McFarland v. Scott, 512 U.S. 849, 856 (1994). When a habeas petitioner proceeds pro se, the assertions contained in the petition are construed liberally. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam).

**Background**

In January 2005, Haygood pleaded guilty in the District of Connecticut to being a felon in knowing possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e). See Haygood v. United States, No. 3:06-CV-1569JCH, 2007 WL 201242, at *3, 2007 U.S. Dist. LEXIS 8166, at *1 (D. Conn. Jan. 23, 2007) (recounting procedural history), aff'd, 353 F. App'x 484 (2d Cir. 2009). On May 2, 2005, Haygood was sentenced to 210 months of imprisonment and five years of supervised release. See id. Haygood's sentence included an enhancement based on his previous convictions on three qualifying felonies, including at least one "violent felony," defined as such under the so-called "residual clause" of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B).

The Second Circuit affirmed Haygood's conviction in December 2005. See United States v. Haygood, 157 F. App'x 448, 449 (2d Cir. 2005). In 2006, Haygood filed his first motion to vacate his conviction or sentence pursuant to 28 U.S.C. § 2255.

That motion was denied, see Haygood, 2007 WL 201242, and the Second Circuit affirmed that denial in 2009, see 353 F. App'x 484 (2d Cir. 2009).

Haygood filed the instant petition in July 2015. Each of Haygood's claims in this court is based on the Supreme Court's June 2015 decision in Johnson v. United States, 135 S. Ct. 2551 (2015). The Court in Johnson held that an increased sentence based on the residual clause of the ACCA violated the Constitution's guarantee of due process. Id. at 2563.

## Discussion

In general, the court in which a federal defendant was convicted and sentenced has exclusive jurisdiction over motions challenging the validity of the conviction or sentence, pursuant to 28 U.S.C. § 2255. Section 2255(e) preserves only a limited role for the federal court in the district where the inmate is in custody to consider claims asserted in a petition filed under § 2241. The relevant statutory provision, 28 U.S.C. § 2255(e), which is known as the "savings clause," provides as follows:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to [§ 2255], shall not be entertained . . . unless it . . . appears that the remedy by motion [under § 2255] is inadequate or ineffective to test the legality of his detention.

Id. (emphasis added). The question of the adequacy and

3

effectiveness of a § 2255 motion in a particular case is jurisdictional, as the proper district for filing a habeas petition depends upon whether the petition is filed under § 2241 or § 2255.  See Bryant v. Warden, 738 F.3d 1253, 1262 (11th Cir. 2013).

"[A]dequacy and effectiveness must be judged ex ante . . . . [P]ost-conviction relief can be termed 'inadequate' or 'ineffective' only when, in a particular case, the configuration of section 2255 is such 'as to deny a convicted defendant any opportunity for judicial rectification.'"  Trenkler v. United States, 536 F.3d 85, 99 (1st Cir. 2008) (citation omitted).  The savings clause is available for petitioners asserting statutory claims based on new binding precedent, previously unavailable to them, that narrows the scope of a criminal statute in a manner that would have rendered them not guilty of criminal conduct.  See Sustache-Rivera v. United States, 221 F.3d 8, 16 n.14 (1st Cir. 2000).

Here, Haygood's claims based on Johnson could not have been raised in his initial § 2255 motion as Johnson post-dated that proceeding.  That fact alone, however, does not qualify Haygood's petition for consideration under the savings clause, given that Johnson announced a new rule dictated by the Due

4

Process Clause; Johnson does not give rise to the type of statutory construction claim that may be pursued through a § 2241 petition under Sustache-Rivera.  The savings clause is not available for any constitutional claims that fall within the scope of 28 U.S.C. § 2255(h), which allows prisoners to apply to federal appellate courts to obtain leave to file successive § 2255 motions that are based on new constitutional rulings where the Supreme Court has made the ruling retroactively applicable to cases on collateral review.  Under those circumstances, leave to file successive § 2255 motions may be obtained from the federal courts of appeals, and for that reason, § 2255 cannot be deemed an inadequate or ineffective remedy to redress a prisoner's claims.  Cf. Sustache-Rivera, 221 F.3d at 16-17.

  The appellate courts that have addressed whether the Supreme Court has made Johnson retroactive have split on that issue, and neither the First Circuit, nor the Second Circuit, has issued an opinion addressing the question.  Compare Price v. United States, 795 F.3d 731, 733 (7th Cir. 2015) (Supreme Court made rule in Johnson retroactive), with In re Rivero, 797 F.3d 986, 989 (11th Cir. 2015) ("[n]o combination of holdings of the Supreme Court 'necessarily dictate' that Johnson should be applied retroactively on collateral review"); accord In re

Gieswein, No. 15-6138, 2015 WL 5534388, at *5, 2015 U.S. App. LEXIS 16757, at *12 (10th Cir. Okla. Sept. 21, 2015) (10th Cir. Sept. 21, 2015) (Supreme Court has not made new rule of constitutional law in Johnson retroactive to cases on collateral review).

This court need not decide whether Johnson is retroactively applicable to cases on collateral review.  Cf. Sustache-Rivera, 221 F.3d at 17 n.15 (reserving question of whether there might be savings clause jurisdiction before Supreme Court expressly rules that new constitutional rulings are retroactively applicable, if there is Supreme Court precedent suggesting that Court is likely to make ruling retroactively applicable). Haygood has ample time, at least until June 26, 2016, to employ procedures that remain available to him under 28 U.S.C. § 2255(h), to apply in the Second Circuit for permission to file a § 2255 motion in the District of Connecticut, asserting claims under Johnson, and making the argument in that forum that Johnson applies retroactively.  Because § 2255(h) procedures remain available to Haygood, Haygood has not shown here that the § 2255 remedy is ineffective or inadequate in his circumstances. Accordingly, this court lacks savings clause jurisdiction over Haygood's § 2241 petition, and the district judge should dismiss the petition for lack of subject matter jurisdiction.

**Conclusion**

For the foregoing reasons, the district judge should dismiss Haygood's § 2241 petition for lack of jurisdiction.  Approving this Report and Recommendation will not restrict Haygood's ability to apply in the Second Circuit for permission to file a successive § 2255 motion in the District of Connecticut.

Any objections to this Report and Recommendation must be filed within fourteen days of receipt of this notice. See Fed. R. Civ. P. 72(b)(2).  Failure to file objections within the specified time waives the right to appeal the District Court's order.  See United States v. De Jesus-Viera, 655 F.3d 52, 57 (1st Cir. 2011); Sch. Union No. 37 v. United Nat'l Ins. Co., 617 F.3d 554, 564 (1st Cir. 2010).

_____
Andrea K. Johnstone
United States Magistrate Judge

October 15, 2015

cc:   Johnny Haygood, pro se
      Seth R. Aframe, Esq.